■ BLAKEMAN Q. MEYER, Also Known as BLAKE MEYER, Appellant, v GAS MAGAZINES, INC., Respondent.—Order entered January 16, 1975, in the Supreme Court, New York County, which granted the defendant's motion to dismiss the complaint, unanimously affirmed, with $60 costs and disbursements to respondent. Clearly the court had no in personam jurisdiction of defendant (CPLR 3211, subd [a], par 8), since there was no evidence that defendant transacted any business within the State (CPLR 302, subd [a], par 1) or indeed committed any other acts which might form a basis for jurisdiction under CPLR 302. The occasional visits of certain officers of defendant to New York, which, for the most part, were for plaintiff's benefit, were not for the purpose of transacting business in the State. Moreover, all contracts could only be formalized in Madison, Wisconsin. Certainly, if such officers were transacting business here, there would have been no reason to pay plaintiff the commissions which he received as a result of their visits. Concur—Stevens, P. J., Markewich, Tilzer, Capozzoli and Lane, JJ.

■ JACK SPERRY, Respondent, v R. M. BROWN, JR., et al., Defendants, and H. CLARK et al., Appellants.—Order, Supreme Court, New York County, entered July 7, 1975, which granted the motion of plaintiff, a stockholder of Avon Products, Inc., for renewal, reargument and rehearing, and directed defendants to submit to examination before trial, unanimously affirmed. Respondent shall recover of appellants $40 costs and disbursements of this appeal. The substantial sales of stock by certain of the corporate officers, the time of such sales and the corporate margin of profit during the third quarter of 1973, constitute sufficient special circumstances to provide a basis for inquiry, and to warrant the examinations allowed. Concur—Stevens, P. J., Markewich, Tilzer, Capozzoli and Lane, JJ.

## (October 30, 1975)

■ In the Matter of ALEJANDRO VARGAS et al., Appellants, v BRONX TERMINAL MARKET MERCHANTS ASSOCIATION, INC., et al., Respondents.— Judgment, Supreme Court, New York County, entered on July 22, 1975, unanimously affirmed, for the reasons stated in the opinion of Brust, J., at Special Term, without costs and without disbursements. No opinion. Concur —Markewich, J. P., Tilzer, Capozzoli, Lane and Nunez, JJ.

■ CIRCLE INDUSTRIES CORP., Respondent, v CUMBERLAND CONSTRUCTION CORP. et al., Appellants.—Order and judgment, Supreme Court, Bronx County, entered on or about August 7 and August 15, 1975, respectively, unanimously affirmed, for the reasons stated by Brust, J., at Special Term, and that the respondent recover of the appellants $60 costs and disbursements of these appeals. No opinion. Concur—Markewich, J. P., Tilzer, Capozzoli, Lane and Nunez, JJ.